## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STARELLEN CARTER and
CINNAMON PIERCE,

      Plaintiffs,

                                Case No. 12-11089

v.                                 Hon. Lawrence P. Zatkoff

KARLA MALLETT,

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 23, 2012, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Currently before the Court are Plaintiffs' Applications to Proceed *in Forma Pauperis* [dkt 2] and for Appointment of Counsel [dkt 3]. Plaintiff's Application to Proceed *in Forma Pauperis* is GRANTED; however, the Court will DENY Plaintiff's Application for Appointment of Counsel and DISMISS Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## II.  ANALYSIS

### A.  Application to Proceed *In Forma Pauperis*

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's request to proceed *in forma pauperis* [dkt 2].

**B. Application for Appointment of Counsel**

Plaintiff has also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

**C. Review of Plaintiff's Complaint**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

2

immune from such relief.  The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff.  *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff's Complaint is frivolous, and has failed to state a claim upon which relief may be granted.

Plaintiff's complaint, in its entirety, is as follows:

Fraud upon the Court.  Mrs. Mallett dispatched Mr. Gross of Oakland County Probation Dept[.] to Cinnamon Pierce's school, whereby Mr. Gross attended [undecipherable abbreviation] meeting and after meeting was over Mr. Gross indicated he had no rights there until the court get to the point where his role is needed by the court. [sic]  This is entrapment and illegal.  Mrs. Mallett allowed perjury, entrapment court officers to act under color of law, allowed court officers to present libel and slanderous remarks to be submitted as truth. [sic]  She allowed other court officers to dismiss a defendant's witnesses so that the defendant was left defenseless conspiracy to entrap, abuse of authority child abuse, knowingly allowed false statements and testimony of court officers to be submitted, bias, denial of due process, revenge instead of truth against plaintiffs mother. [sic]  Violation of Constitutional, Civil rights. [sic]

Plaintiffs appear to allege fraud upon the court, entrapment, perjury, libel and slander, conspiracy to entrap, abuse of authority, child abuse, knowingly allowing false statements of court officers, bias, denial of due process, and revenge.  Plaintiffs, however, fail to set forth how these allegations amount to cognizable claims, and if valid claims, whether and to what extent the Court has jurisdiction over these claims.

Additionally, with respect to Plaintiffs' allegations, Plaintiffs set forth no specific facts describing who violated Plaintiffs' rights, how such violations were perpetrated, and where and when these violations occurred.  For instance, the identity of "Mrs. Mallett" and her professional

capacity with respect to this case cannot be determined from Plaintiffs' pleadings. As such, the Court cannot adequately assess Plaintiffs' apparent claims.

Accordingly, the Court finds Plaintiffs' claims are frivolous and devoid of legal bases. Plaintiffs' complaint must be dismissed pursuant to § 1915(e) as it is frivolous and fails to state a claim upon which relief may be granted .

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 23, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 23, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290